THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LISA C. PETERSON, | ) | Case No. 2:16-cv-849-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| SCIS AIR SECURITY CORP., LSG SKY CHEFS, INC., | ) ) | |
| Defendants. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Plaintiff Lisa C. Peterson is employed by Defendant SCIS Air Security Corporation ("SCIS") as a Security Ramp Coordinator.  SCIS provides security services for Defendant LSG Sky Chefs, Inc. ("Sky Chefs"), who in turn provides in-flight meals for various airlines. Both Defendants operate out of Salt Lake International Airport.  Relevant for purposes of this motion are Ms. Peterson's allegations that she was subjected to incidents of sexual harassment by employees of Sky Chefs.

Sky Chefs move to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  To avoid dismissal the complaint must plead sufficient facts, that when taken as true, provide "plausible grounds"

that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 556 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* A plaintiff must provide more than labels, conclusions, and a formulaic recitation of the elements of a claim. Id. at 555. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). And allegations "so general that they encompass a wide swath of conduct, much of it innocent" are not plausible. *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008).

### III. DISCUSSION

The Complaint contains six claims for relief, but only the Third, Fourth, and Fifth Claims appear to be directed specifically at Sky Chefs. *See* Opp'n at 4, Reply at 2 n.1. The Sixth Claim is directed at both defendants. Each of those claims will be discussed in turn.

**A. Negligent Employment**[1]  **(Third Claim for Relief)**

It is undisputed that to prevail on a claim for negligent employment, Ms. Peterson must show that: (1) Sky Chefs "knew or should have known that its employees posed a

---

[1] Plaintiff's Third Claim is captioned Negligent Supervision and Retention. Compl. P. 10. "The causes of action variously termed 'negligent hiring', 'negligent supervision,' and 'negligent retention' are all basically subsets of the general tort of negligent employment. ... These variants differ only in that they arise at different points in the employment relationship." *Retherford v. AT&T Communications*, 844 P.2d 949, 973 n. 15 (Utah 1992). In their pleadings both parties address the claim as one for negligent employment.

foreseeable risk of harm to third parties;" (2) Sky Chefs' employees "inflicted such harm;" and, (3) Sky Chefs' "negligent hiring, supervision, or retention of the employees proximately caused the injury". *See Jensen v. Gale*, No. 1:13-cv-00030-DN, 2014 WL 7246948 at *5 (D. Utah Dec. 18, 2014) (citing *C.C. v. Roadrunner Trucking, Inc.* 823 F. Supp.913, 922 (D. Utah 1993)).

Absent factual allegations sufficient to show that the employer knew or should have known that its employees posed a foreseeable risk of harm to third parties, a plaintiff fails to plead a duty to take special supervisory measures. *See J.H. v. West Valley City*, 840 P.2d 115, 126 (Utah 1992) ("To prove that such a duty [negligent supervision] existed, plaintiff was required to show that such acts were foreseeable. There is no duty to protect persons from unforeseeable risks of harm at the hands of another."). There are only two specific instances alleged in the Complaint where Ms. Peterson notified Sky Chefs of sexual harassment by any of its referenced 12 employees.[2] The first notice is alleged to have occurred September 9, 2014, when "Plaintiff wrote and delivered to Defendants a long complaint about Sky Chefs' employee 'A.J.'" Compl. ¶ 27. Although, Ms. Peterson asserts that the "vile pervasive sexually hostile work environment continued unabated", *id*. ¶ 35, she pleads no specific facts of what conduct involving A.J. subsequently occurred

---

[2] Ms. Peterson alleges generally, without any supporting facts, that she "complained numerous times to her supervisors at SCIS and also to supervisors at Sky Chefs, but neither company did anything to put an end to the sexually hostile work environment, or otherwise discipline or sanction the sexual harassers." Compl. ¶ 4.

after Sky Chefs was on notice of A.J.'s alleged harassment.[3] The only other notice allegedly occurred in December 2014. Ms. Peterson complains that "[a]round Christmas time in 2014, Sky Chefs['] employee 'Villiami'' sexually harassed her and that at a time unspecified she "reported all this to Villiami's manager at Sky Chefs, but once again, it was to no avail and the sexual harassment continued." Id. ¶¶ 36- 37. Ms. Peterson pleads no factual allegations of what conduct involving Villiami subsequently occurred after Sky Chefs was on notice of Villiami's alleged conduct.

Although the Complaint reflects that Ms. Peterson complained to Sky Chefs about alleged harassment by A.J. and Villiami, there are no post-complaint factual allegations of specific incidents of harassment by those individuals. That is to say, once on notice about A.J. and Villiami, no factual allegations suggest that Sky Chefs failed in its duty to prevent further harm to Ms. Peterson. As to Sky Chefs' other employees referenced in the Complaint, there are insufficient factual allegations to suggest that Sky Chefs knew or should have known that those other employees posed a foreseeable risk of harm to Ms. Peterson.[4] In sum, Ms. Peterson's conclusory assertions simply are factually insufficient and her claim for negligent employment is dismissed for failure to state a claim.

---

[3] Although less than artfully plead, Ms. Peterson's allegations set forth in paragraphs 28-34 of the Complaint appear to encompass allegations made in the "long complaint" referenced in paragraph 27, which Plaintiff on September 9, 2014, delivered to "Defendants", which presumably includes Sky Chefs.

[4] Plaintiff describes three of her alleged Sky Chefs harassers as being a safety manager, a night manager, and a manager. *See e.g.,* Compl. ¶¶ 18, 19, 23, 25 & 64. However, a manager's knowledge of harassment is not imputed to the employer where the manager is the alleged source of harassment. *See Chapman v. Carmike Cinemas*, 307 Fed. App'x 164, 174 (10th Cir. 2009).

**B. Intentional Infliction of Emotional Distress  (Fourth Claim for Relief)**

To state a claim for intentional infliction of emotional distress against Sky Chefs, Ms. Peterson must plead facts which demonstrate that Sky Chefs intentionally engaged in conduct toward her "(a) with the purpose of inflicting emotional distress, or, (b) where any reasonable person would have known that such would result; and his actions are of such a nature as to be considered outrageous and intolerable in that they offend against the generally accepted standards of decency and morality."  *Bennett v. Jones, Waldo, Holbrook & McDonough*, 70 P.3d 17, 30 (Utah 2003) (internal quotation marks and citation omitted).  Conduct "is not necessarily outrageous merely because it is tortuous, injurious, or malicious, or because it would give rise to punitive damages, or because it is illegal." *Franco v. Church of Jesus Christ of Latter-day Saints*, 21 P.3d 198, 207 (Utah 2001) (internal quotation marks and citation omitted).  Outrageous conduct "must evoke outrage or revulsion; it must be more than unreasonable, unkind, or unfair."  *Id*. at 206 (internal quotation marks and citation omitted).

Ms. Peterson claims that Sky Chefs engaged in a "refusal to act" to stop the sexual harassment that she was experiencing. Compl. ¶ 63.  Failing to stop sexual harassment by another, however, does not give rise to an intentional infliction of emotional distress claim.  *See Cabaness v. Thomas*, 232 P. 3d 486, 499 (Utah 2010) ("Cabaness fails to provide any case law supporting the position that the failure to prevent another from inflicting emotional anguish gives rise to a valid claim of intentional infliction of emotional distress" and "we do not find any support within our jurisprudence for such a position"). Consequently, Ms. Peterson has not alleged that Sky Chefs engaged in conduct sufficient to satisfy the above intentional purpose or outrageous and intolerable standard test.

However, "an employer can be vicariously liable for the intentional tortuous acts of employees under the theory of respondeat superior if those acts are conducted within the scope of employment." *Clark v. Pangan*, 998 P. 2d 268, 270 (Utah 2000). In determining the scope of employment for purposes of vicarious liability, Utah courts over the years have identified three relevant criteria: "(1) whether the employee's conduct is of the general kind the employee is employed to perform; (2) whether the conduct is within the hours of the employee's work and the ordinary spatial boundaries of the employment; and (3) whether the conduct is motivated, at least in part, by the purpose of serving the employer's interest." *Acor v. Salt Lake City School Dist.,* 247 P. 3d 404, 408 (Utah 2011) (internal quotation marks omitted, citing *Birkner,* 771 P.2d at 1056-57). Because work may often be performed at nontraditional times and places by employees today, the second factor is no longer viewed as controlling. *M.J. v. Wisan*, 371 P.3d 21, 32 (Utah 2016) "[A]s a general rule, whether one is acting within the scope of employment is a question to be determined by the finder of fact." *Clark v. Pangan* at 271. However, "when the conduct in question is so clearly either within or outside the scope of employment that reasonable minds could not differ as to the finding" the court has the discretion to decide the issue as a matter of law. *Id*.[5]

---

[5] *But cf. M.J. v. Wisan*, 371 P.3d 21, 33 (Utah 2016) (rejecting "invitation to rule as a matter of law that the sexual activity of an agent can never be a matter within the scope of employment"). In *M.J. v. Wisan* the Court left open the possibility in a future case whether to revise the standard set forth in *Birkner* and discussed favorably an alternative approach "that turns not on motive or purpose but on foreseeability, or on whether the employee's acts were engendered by or an outgrowth of the employment, or the employment furnished the impetus for the tort." 371 P.3d at 33

Applying the above relevant *Birkner* criteria, the Court concludes that reasonable minds could not differ that the alleged sexual harassment by Sky Chefs employees is not the kind of conduct those employees were hired to perform. Ms. Peterson fails to allege facts supporting such a conclusion. Sky Chefs is in the business of supplying in-flight meals to commercial airlines. The acts of sexual harassment alleged by Ms. Peterson are not the kind of acts that Sky Chefs' employees were hired to perform. Nor can the alleged sexual harassment reasonably be viewed as motivated in any way by a purpose of serving Sky Chefs' interest. Ms. Peterson fails to allege facts supporting that conclusion. In allegedly harassing Ms. Peterson, Sky Chefs' employees reasonably cannot be said to be about their employer's business. Such alleged conduct clearly served only the private and personal interest of each referenced employee. The Court finds support for its position in the following cases: *Birkner*, 771 P.2d at 1058 (sexual activity between therapist and patient was not related to the employer's interest because "it was not the general kind of activity a therapist is hired to perform ... [and] was not intended to further his employer's interest"); *J.H. ex rel. D.H. v. West Valley City*, 840 P.2d 115, 123 (Utah 1992) (dismissing claims against municipal employer because police officer accused of molestation was obviously not hired to perform acts of a sexual nature on individuals under his supervision"); *C.C. v Roadrunner Trucking, Inc.*, 823 F. Supp 913 (D. Utah 1993) (truck driver's alleged rape of hitchhiker was clearly outside the scope of his employment and carrier was not liable under respondeat superior theory)*; D.D.Z. v. Molerway Freight Lines, Inc.*, 880 P.2d 1, 5 (Utah App. 1994) ("we hold that reasonable minds could not disagree with the conclusion that [an individual defendant's] sexual assault and battery, in any context, was outside the scope of his employment");; *Jackson v. Righter*, 891 P.2d 1387,

1391 (Utah 1995) (affirming dismissal of alienation of affection claims because a consensual romantic relationship between employees was outside the scope of employment even though the relationship began at work and occurred during work hours because the relationship was not related to the work the employee was hired to perform and did not benefit the company).[6] For the forgoing reasons, therefore, Ms. Peterson's intentional infliction of emotional distress claim is dismissed for failure to state a claim.

### C. Sexual Battery (Fifth Claim for Relief)

In support of her sexual battery claim against Sky Chefs Ms. Peterson alleges that she "was physically assaulted and offensively touched, against her will" by various named Sky Chefs employees. Compl. at ¶ 67. And that she "repeatedly reported this conduct to both SCIS and Sky Chefs, but Sky Chefs failed and refused" to stop it, and that failure to end the alleged conduct ratified and endorsed the offensive acts and "constituted battery upon her by Sky Chefs." *Id*. ¶¶ 68-69.

It is undisputed that a corporation cannot engage in the actual tort of sexual battery. As discussed above, Sky Chefs can be held liable to Plaintiff under the doctrine of respondeat superior, only if the facts alleged reflect that the tort is within the scope of employment of the individual perpetrators. *Birkner*, 771 P.2d at 1056. The Court concludes that reasonable minds could not differ that the alleged sexual battery is not the kind of conduct Sky Chefs' employers were hired to perform. Ms. Peterson has not alleged

---

[6] Ms. Peterson's reliance on the Restatement of Agency to enlarge the scope of vicarious liability is unavailing. Courts interpreting state law must apply the most recent statement of state law by the state's highest court. *Grain Dealers Mut. Ins. Co. v. Lower*, 979 F.2d 1411, 1416 (10th Cir. 1992).

sufficient facts supporting such a conclusion.  Likewise, the purpose of the alleged conduct cannot be viewed as serving Sky Chefs' interest.  And Ms. Peterson has not alleged sufficient facts supporting such a conclusion.  *See* Section B and cases cited therein.  Because the alleged sexual battery by Sky Chefs' employees was not within the scope of their employment, vicarious liability cannot lie against Sky Chefs, and Plaintiff's sexual battery claim is dismissed for failure to state a claim.

### D.  Punitive Damages (Sixth Claim for Relief)

It is undisputed that Ms. Peterson's sixth claim for punitive damages must also be dismissed because punitive damages cannot be plead as a separate cause of action.  Rather, it is a remedy granted in connection with another, separate cause of action.  *Norman v. Arnold*, 57 P.3d 997, 1001 n 2. (Utah 2002).

### IV.  CONCLUSION

For the reasons stated, Sky Chefs' Motion to Dismiss (Doc. # 5) is granted.  It is, therefore, ordered that the Third Claim of Plaintiff's Complaint against Sky Chefs is dismissed without prejudice.  It is further ordered that the Fourth, Fifth and Sixth Claims of Plaintiff's Complaint against Sky Chefs are dismissed with prejudice.

Dated this 9th day of March, 2017

BY THE COURT:

*David Sam*
_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT