THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LISA C. PETERSON, | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION |
| vs. | ) | AND ORDER |
| | ) | |
| SCIS AIR SECURITY CORP., | ) | |
| and LSG SKY CHEFS, INC. | ) | |
| | ) | |
| | ) | Case. No. 2:16-cv-00849-DS |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiff Lisa C. Peterson moves the court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend her Complaint to add a claim for Constructive Discharge against her former employer SCIS Air Security Corp. ("SCIS"). Ms. Peterson also seeks leave to amend her Third Claim against LSG Sky Chefs, Inc. ("Sky Chefs") for Negligent Employment.

Underlying Ms. Peterson's claims are allegations that she was subjected to sexual harassment and retaliation in violation of Title VII during her employment with SCIS, including harassment by employees of Sky Chefs. Plaintiff was employed by SCIS as a Security Ramp Coordinator. SCIS provides security services for Sky Chefs, who in turn provides in-flight meals for various airlines at Salt Lake International Airport.

On March 9, 2017, the Court granted Sky Chefs' motion to dismiss the claims against it. All claims against Sky Chefs, except the third, were dismissed with prejudice. The third claim for negligent employment was dismissed without prejudice.

As Sky Chefs note, the Proposed Amended Complaint ("PAC") appears to be "nearly identical to [Plaintiff's] initial Complaint with respect to Sky Chefs .... with the exception of the identification of a Sky Chefs manager in paragraph 37 and the insertion of new paragraphs 38 and 39" and the addition of "a Seventh Cause of Action for constructive discharge against Defendant SCIS." Sky Chefs' Mem. Opp'n at 3.

## II. DISCUSSION

Although, Federal Rule of Civil Procedure 15 provides that leave to amend should be given "when justice so requires," denial of leave may be appropriate for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, futility of the amendment, etc.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### A. Futility

Both SCIS and Sky Chefs urge that leave to file the proposed amended complaint should be denied as futile.

#### 1. SCIS

Ms. Peterson seeks to add a claim against SCIS for constructive discharge. Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. *Alcivar v. Wynne*, 268 F. Appx. 749, 753 (10th Cir.), *cert. denied*, 555 U.S. 877 (2008).

Documentary evidence now before the Court suggests that Ms. Peterson has administratively exhausted her remedies. Therefore, her Motion for Leave to Amend Complaint with respect to SCIS will not be denied for reasons of futility.

### 2. Sky Chefs

Sky Chefs assert that because the proposed Third Claim for Relief for Negligent Employment would still be subject to dismissal, granting leave to amend would be futile. "[C]ourts analyze the proposed amendment under the standard for a motion to dismiss." *Shahmaleki v. Kansas State University*, 147 F. Supp. 3d 1239, 1243 (D. Kan. 2015); *Anderson v. Suiters*, 499 F. 3d 1228, 1238 (10th Cir. 2007) (same); *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) (same).

The Court previously dismissed Plaintiff's Third Claim for Relief because there were insufficient factual allegations to show that Sky Chefs knew, or should have known, that its employees posed a foreseeable risk of harm to third parties. The Court reasoned, in part, as follows:

> There are only two specific instances alleged in the Complaint where Ms. Peterson notified Sky Chefs of sexual harassment by any of its referenced ... employees. The first notice is alleged to have occurred September 9, 2014, when "Plaintiff wrote and delivered to Defendants a long complaint about Sky Chefs' employee 'A.J.'" Compl. ¶ 27. Although, Ms. Peterson asserts that the "vile pervasive sexually hostile work environment continued unabated", *id*. ¶ 35, she pleads no specific facts of what conduct involving A.J. subsequently occurred after Sky Chefs was on notice of A.J.'s alleged harassment. The only other notice allegedly occurred in December 2014. Ms. Peterson complains that "[a]round Christmas time in 2014, Sky Chefs['] employee 'Villiami'' sexually harassed her and that at a time unspecified she "reported all this to Villiami's manager at Sky Chefs, but once again, it was to no avail and the sexual harassment continued." Id. ¶¶ 36- 37. Ms. Peterson pleads no factual allegations of what conduct involving Villiami subsequently occurred after Sky Chefs was on notice of Villiami's alleged conduct.

> Although the Complaint reflects that Ms. Peterson complained to Sky Chefs about alleged harassment by A.J. and Villiami, there are no post-complaint factual allegations of specific incidents of harassment by those individuals. That is to say, once on notice about A.J. and Villiami, no factual allegations suggest that Sky Chefs failed in its duty to prevent further harm to Ms. Peterson. As to Sky Chefs' other employees referenced in the Complaint, there are insufficient factual allegations to suggest that Sky Chefs knew or should have known that those other employees posed a foreseeable risk of harm to Ms. Peterson. In sum, Ms. Peterson's conclusory assertions simply are factually insufficient and her claim for negligent employment is dismissed for failure to state a claim.

Memorandum Decision and Order at 3-4 (Doc. #24) (footnotes omitted).

Ms. Peterson now identifies "Andy" as the Sky Chefs manager that she reported Villiami's conduct to "around Christmas time in 2014". PAC ¶¶ 36-37. In the two new paragraphs of the PAC, Ms. Peterson alleges that Villiami "began to act as if he were stalking her. **He took videos of her without her knowledge at work, in the parking lot, and at lunch.** He showed her thumbnail images from these videos, including one of her eating a mango. He said, 'Isn't that sexy?'" PAC ¶ 38 (emphasis added). Ms. Peterson alleges that she "immediately reported this offensive and intimidating behavior both to her supervisor ... and to Villiami's Sky Chefs Manager, Andy." PAC ¶ 39.[1]

The Court agrees with Sky Chefs that "the PAC does not contain any new factual allegations about any of the 11 individuals mentioned in Paragraphs 60 and 61 with the exception of two new paragraphs about 'Villiami'" and "[n]othing in the PAC suggests that Sky Chefs knew, or should have known, of any proclivity for misconduct with respect to 10

---

[1] The Court notes that paragraph 36 of both the Complaint and the PAC are identical and state that around Christmas time of 2014, "Villiami also started stalking her, filming her with his cell phone against her wishes and without her knowledge." Compl. ¶ 36, PAC ¶ 36.

of these 11 individuals." Sky Chefs Mem. Opp'n at 5. As to the two new paragraphs in the PAC regarding Villiami, the Court agrees with Sky Chefs that it is apparent that it "could not have stopped Villiami's surreptitious video recording and, therefore, any purported negligence could not have been the cause of her harm." *Id.* at 6. *See Retherford v. AT&T Commuc'ns*, 844 P.2d 949, 968 (Utah 1992) (to prevail on negligent employment claim, the plaintiff must prove that the negligence in hiring, supervising, or retaining an employee proximately caused her harm).

Moreover, reporting Villiami's newly alleged conduct to his Sky Chefs Manager Andy, PAC ¶¶ 38-39, is not, under the circumstances alleged, notice to Sky Chefs of that alleged conduct. Andy is one of Ms. Peterson's alleged Sky Chefs harassers. *See* Compl. ¶¶ 25, 58, 59. *See also* PAC ¶¶ 25, 60, 61. A manager's knowledge of harassment is not imputed to the employer where the manager is the alleged source of harassment. *Chapman v. Carmike Cinemas*, 307 Fed. Appx. 164, 174 (10th Cir. 2009). In its previous decision, the Court stated:

> Absent factual allegations sufficient to show that the employer knew or should have known that its employees posed a foreseeable risk of harm to third parties, a plaintiff fails to plead a duty to take special supervisory measures. *See J.H. v. West Valley City*, 840 P.2d 115, 126 (Utah 1992) ("To prove that such a duty [negligent supervision] existed, plaintiff was required to show that such acts were foreseeable. There is no duty to protect persons from unforeseeable risks of harm at the hands of another.").

Memorandum Decision and Order at 3 (Doc. #24). Because the two new paragraphs of the PAC are not imputed to Sky Chefs, the PAC, as was the case with the Complaint, provides no allegations of harassment subsequent to Sky Chefs allegedly being informed of Villiami's prior conduct. "That is to say, once on notice about ... Villiami, no factual

5

allegations suggest that Sky Chefs failed in its duty to prevent further harm to Ms. Peterson." *Id*. at 4.[2] Therefore, her Motion for Leave to Amend Complaint with respect to Sky Chefs must be denied.[3]

### B. Undue Delay/Prejudice

Leave to amend can also be denied upon a showing of undue delay and/or undue prejudice. *Minter, 451 F.3d at 1204*. Both SCIS and Sky Chefs also urge that Ms. Peterson's Motion be denied because of undue delay and/or prejudice. SCIS observes that Ms. Peterson's Motion for Leave to Amend comes over one year after she filed her Complaint, and over 10 months after she was allegedly constructively discharged. SCIS's Mem. Opp'n at 1. Similarly, Sky Chefs note that the Motion to Amend comes 8 months after she was placed on notice of the deficiencies in her Complaint, and four months after Sky Chefs was dismissed from the case. Sky Chefs' Mem Opp'n at 1.

Because the Court has already denied the Motion for Leave to Amend as to Sky Chefs for reasons of futility, its undue delay/prejudice argument will not be addressed. As

---

[2] In its prior decision, the Court determined that there were "only two specific instances alleged in the Complaint where Ms. Peterson notified Sky Chefs of sexual harassment by any of its referenced ... employees." Memorandum Decision and Order at 3 (Doc. #24). That determination regarding the second instance alleged was based on the allegation that Plaintiff reported Villiami's conduct to his unidentified Sky Chef's manager. Compl. at ¶ 37. Plaintiff now identifies that manager as Andy, one of her alleged harassers. PAC ¶ 37. *See also* Peterson Aff. at ¶ 15. The result of this, in the Court's view, is to bring into question whether Sky Chefs ever had notice of Villiami's alleged conduct because notice to Andy is not imputed to Sky Chefs.

[3] Plaintiff in her Reply Memorandum references various documents she asserts establish that Sky Chefs was aware of improper conduct by some of its employees. However, those matters are not alleged in the PAC. As noted, a proposed amended complaint is analyzed as if it were before the court on a motion to dismiss. A complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 565 (2007).

to SCIS, it is undisputed that the Motion was timely filed pursuant to the Scheduling Order. More importantly, SCIS suggests no prejudice to it if the Motion is granted. The Court, therefore, is not persuaded that the Motion to Amend should be denied as to SCIS for reasons of undue delay.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to Amend Complaint (Doc. #29) is granted as to SCIS, and denied as to Sky Chefs.

IT IS SO ORDERED.

Dated this 27th day of September, 2017

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT