THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

LISA C. PETERSON,
                Plaintiff,     )

                  vs.     )

                     )

SCIS AIR SECURITY CORP.,
and LSG SKY CHEFS, INC.     )

                     )

                     )
                Defendants.

MEMORANDUM DECISION
AND ORDER

Case. No. 2:16-cv-00849-DS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Lisa C. Peterson moves the Court for leave to file a Supplemental

Amended Complaint under Federal Rule of Civil Procedure 15(d).  (Doc. #37) .  As

Defendant LSG Sky Chefs, Inc. ("Sky Chefs") notes, that rule allows parties to

supplement a complaint with new incidents that post-date the initial complaint's filing.

However, none of Ms. Peterson's factual allegations in the SAC concern conduct that

occurred after this case was filed.  Her Motion under that rule, therefore, is improper.

*See Eid v. Alaska Airlines, Inc*., 621 F.3d 858, 874 (9th Cir. 2010), *cert. denied*, 563 U.S.

974 (2011) (affirming denial of motion to add claims under Rule 15(d) when they arose

from conduct which happened nearly a year before the plaintiffs filed their first

complaint).

Nevertheless, in the interest of justice the Court will construe Ms. Peterson's

Motion as one to amend under Rule 15(a).[1]  For that same reason the Court will not

adopt Sky Chef's position that the Motion must be denied for reasons of undue delay.

Additionally, the Court is not persuaded that Sky Chefs will be unduly prejudiced if the

Motion is granted.

The Court, however, finds merit in Sky Chefs' position that Ms. Peterson's

Motion to Amend is subject to denial in part for reasons of futility.  The Third Claim for

Relief set forth in the Supplemental Amended Complaint ("SAC") (Doc. #38) is for

Negligent Supervision and Retention by Sky Chefs.  Ms. Peterson continues to assert

that Sky Chefs "negligently hired Jose Carreno, Hector, Theodoro, Maleaola Fesolai

["Chola"], Villiami, Qasam, Andy, Nick, Mohmmad [sic], Humberto, A.J. and others, and

it failed to exercise control or supervision over them, and failed to timely put an end to

the sexually hostile work environment that they were causing the Plaintiff and other

female employees of SCIS ...."  SAC ¶ 60.   The Court agrees with Sky Chefs that,  "the

SAC's new allegations in Paragraphs 61-79 only discuss three individuals: 'Chola',

A. J., and Jose Carreno.  Since the Complaint was already found to be deficient for

everyone [else] listed in paragraph 60, the SAC continues to be deficient on its face for

all but those three for whom the SAC includes new allegations."  Mem. Opp'n at 9.

With respect to the other three individuals named in the SAC, Sky Chefs

---

[1]In March 2017, the Court dismissed all of Ms. Peterson's claims against Sky
Chefs.  However, her claim for Negligent Supervision and Retention was dismissed
without prejudice.  In July 2017, Ms. Peterson moved for leave to file an amended
complaint, in part, to re-plead the Negligent Employment claim.  The Court denied her
motion as to Sky Chefs.  This marks Plaintiff's third attempt to plead her claim.

acknowledges that, but for being "untimely, the allegations concerning Chola may have

been sufficient to survive a motion to dismiss". *Id.* However Sky Chefs asserts, and the

Court agrees, that the same is not true for the claims against A.J. and Jose Carreno.

As to those two employees Sky Chefs reasons as follows.

> The SAC continues to ignore that only misconduct that occurs after the
> employer is aware of reasons to act results in a viable negligent
> employment claim. Here, Peterson asserts that Sky Chefs was aware of
> an incident between her and A.J. in September 2014, but provides no
> allegations of further incidents between them in the Third Cause of Action.
> Likewise, Plaintiff fails to provide any allegations of incidents by Mr.
> Carreno that would post-date an altercation between him and Peterson in
> May 2015. Since Peterson has not alleged any incidents that occurred
> after Sky Chefs was placed on notice of problems with these particular
> employees, the negligent employment claim with respect to them fails to
> state a claim for relief. *Jackson v. Righter*, 891 P.2d 1387, 1392 (Utah
> 1995); *J.H. v. West Valley City*, 840 P.2d 15, 124 (Utah 1992).

Mem. Opp'n at 9-10.[2]

---

[2]The Court in initially dismissing Ms. Peterson's Third Claim for Relief stated:
> It is undisputed that to prevail on a claim for negligent employment,
> Ms. Peterson must show that: (1) Sky Chefs "knew or should have known
> that its employees posed a foreseeable risk of harm to third parties;" (2)
> Sky Chefs' employees "inflicted such harm;" and, (3) Sky Chefs' "negligent
> hiring, supervision, or retention of the employees proximately caused the
> injury". *See Jensen v. Gale*, No. 1:13-cv-00030-DN, 2014 WL 7246948
> at *5 (D. Utah Dec. 18, 2014) (citing *C.C. v. Roadrunner Trucking, Inc.*
> 823 F. Supp.913, 922 (D. Utah 1993)).
> Absent factual allegations sufficient to show that the employer
> knew or should have known that its employees posed a foreseeable risk
> of harm to third parties, a plaintiff fails to plead a duty to take special
> supervisory measures. *See J.H. v. West Valley City*, 840 P.2d 115, 126
> (Utah 1992) ("To prove that such a duty [negligent supervision] existed,
> plaintiff was required to show that such acts were foreseeable. There is
> no duty to protect persons from unforeseeable risks of harm at the hands
> of another.").

March 9, 2017 Memorandum Decision and Order (Doc. #24) at pp. 2-3.
Other than allegations regarding Chola, Plaintiff fails again to set forth sufficient
allegations to show that Sky Chefs knew or should have known that its employees
posed a foreseeable risk of harm to her and that it was negligent in failing to act.
Although Plaintiff now alleges that Sky Chefs was on notice of alleged misconduct by
A.J. and Jose Carreno, she fails to allege any misconduct by those employees that

Accordingly, Ms. Peterson's Motion for Leave to File a Supplemental Amended Complaint under Rule 15(d), which the Court construes as a Motion to Amend under Rule 15(a), is granted only as it relates to Sky Chef's employee "Chola". The Motion is denied as it relates to Sky Chef's other employees for reasons of futility.

It is so ordered.

Dated this 27th day of December, 2017

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

occurred after Sky Chefs was on notice. Therefore she alleges no facts in support of her claim that Sky Chefs was negligent in its supervision or retention of those employees.